CARLTON, Chief Justice:
On petition for writ of certiorari, we review an order of the Public Service Commission which approved a sale and transfer of freight forwarding Certificate No. 3-FF from the trustee in bankruptcy of Freightline Rentals, Inc., to Independent Freight Forwarders, Inc., Fla.Const, Article V, § 3(b)(3), F.S.A.
The petitioners protested the transfer, contending that the certificate had expired because of the failure of the trustee to pay annual certificate renewal fees required by Fla.Stat. § 323.54(9), F.S.A. This statute provides:
“All certificates issued hereunder, including those certificates now in effect, shall be renewed annually by the payment of an annual certificate renewal fee of five hundred dollars per certificate, which shall be due on December 31 of each year. If the fee is not paid in advance of the due date, it must be received on or before January 31 of the next year in order for the renewal of the certificate to be effective. . . .”
The Public Service Commission held that a failure to pay the annual renewal fee does not extinguish a freight forwarding certificate, but that it merely prohibits operation under the certificate until all delinquent annual fees are paid. We hereby adopt the Commission’s interpretation of the statute, for two reasons. First, the statute in no way provides for the disposition of certificates which are not annually renewed; but Fla.Stat. 323.-55(1), F.S.A. provides, in part:
“The commission shall have the power and jurisdiction to supervise and regulate every freight-forwarding operation operating within this state and its property, property rights, equipment, facilities, contracts, certificates and franchises, so far as may be necessary to carry out the purposes of this part and to do all things, whether herein specifically designated or in addition thereto, which *282 are necessary or convenient in the exercise of such power and jurisdiction. Without limiting the generality of the foregoing, the commission is authorized to adopt and enforce such reasonable rules and regulations and orders as it may deem necessary with respect to rates, charges and classifications, issuance of certificates, . . . and to otherwise accomplish the purposes of this part and to implement its provisions.”
Second, there is no provision in Part II of Florida Statutes Chapter 323, F.S.A., (governing freight forwarders), which is inconsistent with the Commission’s interpretation of Section 323.54(9). More specifically, there is no provision for cancellation, revocation, or termination of a freight forwarding certificate because of dormancy, as there is in Part I of Chapter 323 (governing motor carriers).
Petitioners also contend that the transfer of freight forwarding Certificate No. 3-FF was improper because the certificate was dormant and the dormancy provisions of Part I of Chapter 323 had been incorporated by the Legislature into Part II. Section 323.54(7) (in Part II) provides:
“No such certificate of public convenience and necessity may be transferred, assigned or encumbered unless such transaction is first approved by the commission consistent with the procedures outlined in § 323.041.”
Section 323.041 (in Part I) sets up procedures for the filing of applications to transfer motor carrier certificates, the filing of protests to such transfers, public hearings on such transfers, and orders .of the Commission approving or rejecting any such transfer. Section 323.041(3), after providing for public hearings, continues:
“Following such hearing, if the commission finds and determines that such sale, assignment, or transfer, is not contrary to the public interest, and that the certificate has not been dormant for more than six months, it shall enter an appropriate order in the premises. . . .”
The statute only requires that the Commission, to approve a transfer, make a finding that the certificate has not been “dormant” for more than six months. For the transfer of a freight forwarding certificate such a finding is perfunctory only. Since the definition of “dormancy” and provisions for cancellation or revocation of “dormant” certificates are found only in Part I, relating to motor carriers, the entire issue is irrelevant to the regulation and transfer of freight forwarding certificates.
We conclude that the Public Service Commission has properly interpreted the applicable statutory provisions and, in approving the transfer of Certificate Number 3-FF, has not departed from the essential requirements of the law. The petition for writ of certiorari is, therefore, denied.
Tt is so ordered.
ERVIN, ADKINS, McCAIN and DE-KLE, JJ., concur.